UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT DAVID TATE**<br>**LA. DOC #419941** | **CIVIL ACTION NO. 5:13-cv-1253**<br>**SECTION P** |
| **VS.** | **JUDGE ELIZABETH E. FOOTE** |
| **JAMES LeBLANC, ET AL.** | **MAGISTRATE JUDGE HAYES** |

**ORDER**[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Sanctions, [doc. # 105], filed by Plaintiff Robert David Tate. Plaintiff avers that a correctional officer employed at David Wade Correctional Center, Captain Huey, intimidated and retaliated against him by asking him to sign a "waiver for video review." *Id.* Plaintiff refused to sign the waiver and informed Captain Huey, "If I need to sign anything[,] it will come from the court . . . ." *Id.* Plaintiff states that Defendants and defense counsel are responsible for Captain Huey's actions. *Id.* As a result, Plaintiff asks the Court to impose sanctions on Defendants, defense counsel, and Captain Huey. *Id.* He also asks the Court to disbar defense counsel. *Id.*

Defendants claim that they never asked Plaintiff to sign a waiver for video review. [doc. # 113, p. 2]. Instead, Defendants submit that Captain Huey asked Plaintiff to sign a "Statement of Fact" form to confirm that the correctional center allowed Plaintiff to review security camera video footage that the Court previously ordered Defendants to provide to Plaintiff. *Id.* Defendants also submit that they did not ask Captain Huey to present the form to Plaintiff; rather,

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Captain Huey presented the form to Plaintiff at the direction of the correctional center's security personnel.  *Id.*  Defendants attach evidence that supports these submissions.  [doc # 113-1].

Upon consideration, the Court observes that Defendants' admitted actions in conditioning Plaintiff's right to review the video footage upon his signing of an acknowledgment to that effect constitute a violation of the Court's prior Order requiring Defendants to allow Plaintiff to view the footage.  [doc. # 62].  To this end, the Court reminds Defendants of their obligation to cooperate in the discovery process and admonishes them to consult with counsel before imposing **any** conditions on discovery.  In addition, the Court reminds counsel to make the parties' obligations under the Court's orders clear to the parties and their representatives.

However, the Court does not find that sanctions are warranted at this time.  Defendants apparently did not prevent the Plaintiff from viewing the video, and there is no indication that the attempt to have him sign an acknowledgment that he had been allowed to do so was done with the intent to prevent him from so doing.  Accordingly, except for the written admonishment and caution as set out above, Plaintiff's Motion for Sanctions, [doc. # 105], is **DENIED**.

In Chambers, Monroe, Louisiana, this 21st day of July, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE