UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT DAVID TATE**<br>LA. DOC #419941 | CIVIL ACTION NO. 5:13-cv-1253<br>SECTION P |
| VS. | JUDGE TOM STAGG |
| **JAMES LEBLANC, ET AL.** | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Preliminary Injunction, [doc. # 140], filed by *pro se* Plaintiff Robert David Tate,[1] an inmate in the custody of Louisiana's Department of Corrections ("DOC") and housed at the David Wade Correctional Center ("DWCC"). Defendants oppose the Motion. [doc. # 146]. For the reasons assigned below, it is recommended that the Motion be **DENIED**.

## Background

Plaintiff filed the instant civil rights Complaint pursuant to 42 U.S.C. § 1983 on May 24, 2013, against the DOC Secretary James LeBlanc, DWCC Warden Angie Huff, and Colonel Chris Evans.[2] [doc. # 1]. He complains that, despite laws and regulations to the contrary, he was exposed to unreasonable and harmful amounts of environmental tobacco smoke ("ETS") in the prison dormitory, the outdoor recreation areas, the walkways to and from the dining hall, and while waiting in line at both the infirmary and the commissary. *Id.* at 2-4. He acknowledges that the facility maintains a policy prohibiting indoor smoking, but claims that facility officials do not enforce the policy. *Id.* at 4. He explains that "their policy of occasionally issuing Rule Violation

---

[1] Plaintiff proceeds *in forma pauperis*. [doc. # 4].

[2] Plaintiff amended his Complaint on August 6, 2014, and added Sergeant R. Haynes as a defendant. [doc. # 126].

Reports to inmates caught illicitly smoking amounts to a custom or practice of waiting for [his] exposure to occur and then haphazardly responding after the injuries have already occurred." *Id.* He claims that the ETS aggravated his hypertension and caused him to have blood pressure issues, sleep apnea, breathing issues, and general pain and suffering. *Id.* at 3. He prays for money damages and injunctive relief. *Id.* at 5.

Defendants filed a Motion for Summary Judgment on July 8, 2014. [doc. # 114]. They contended, *inter alia*, that they were entitled to qualified immunity because Plaintiff's allegations were not sufficient to support a constitutional violation. *Id.* On August 18, 2014, the undersigned denied Defendants' Motion in part, finding that there was a genuine dispute as to whether Defendants' attempts to enforce the DWCC smoking policy were so ineffective as to constitute deliberate indifference. [doc. # 130, p. 15]. The District Court adopted the Report and Recommendation on September 17, 2014. [doc. # 142].

Plaintiff filed the instant Motion on September 16, 2014. [doc. # 140]. Reiterating the allegations in his Complaint, Plaintiff asks the Court to intervene and issue a preliminary injunction that will enjoin Defendants and DWCC officials from selling any tobacco products at DWCC. *Id.*

The matter is now before the Court.

## **Law and Analysis**

To obtain a preliminary injunction or temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65, a movant must establish:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted,

and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). A preliminary injunction is an extraordinary remedy that "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Texas, Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (citation omitted).

Here, Plaintiff has not met this exacting burden of persuasion. Specifically, Plaintiff has failed to establish that there is a substantial likelihood that he will suffer irreparable injury if the Court does not issue the injunction. Plaintiff fails to attach any evidence to his Motion and, more importantly, fails to explain why he allowed more than one year to elapse from the time he filed the initial Complaint before seeking a preliminary injunction. Plaintiff's excessive delay belies any notion that he is concerned about an immediate threat to his health, especially considering that his delay was not caused by any ignorance of Defendants' alleged conduct. *See* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995) ("A long delay by plaintiff after learning of the threatened harm may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.").

Along the same lines, the parties have completed discovery and the instant proceedings will soon be set for trial. In that respect, Plaintiff fails to clearly demonstrate that there is a substantial likelihood that he will suffer irreparable harm in the brief interim between now and the impending trial. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008) (holding that the mere possibility of irreparable harm is not enough). Imposing such an extraordinary restraint on the entire DWCC facility shortly before the case is adjudicated on the

merits is, therefore, unwarranted.[3]

## Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction, [doc. # 140], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[3] Plaintiff, apparently in the alternative, asks the Court to hold a hearing on the issue at hand. [doc. # 149, p. 4]. However, a hearing is unnecessary due to the fact that a trial on the merits is near. In addition, the Court notes that the plain language of Rule 65 does not require courts to hold a hearing before denying a motion for a preliminary injunction. FED. R. CIV. P. 65(a)(1). The Rule only requires courts to give notice to the adverse party if a court *issues* a preliminary injunction. Plaintiff's request for a hearing should be **DENIED**.

In Chambers, at Monroe, Louisiana, this 23rd day of October 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE